UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-27781-DPG

JOHNSON & JOHNSON,

Plaintiff,

vs.

DEAN OMAR BRANHAM SHIRLEY, LLP,

Defendant.
_______________________________________/

Removed From:
County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida
Case No. 2026-134385-CC-26

**MOTION TO DISMISS AND/OR TRANSFER VENUE TO THE DISTRICT OF SOUTH CAROLINA**

The Defendant DEAN OMAR BRANHAM SHIRLEY, LLP ("Defendant" or "DOBS"), by and through its undersigned counsel, moves:

(1) pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for Pure Bill of Discovery [DE 1-1], filed by JOHNSON & JOHNSON ("Plaintiff" or "J&J"), which was removed to the United States District Court for the Southern District of Florida from the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida[1], pursuant to Fed. R. Civ. P. 12(b)(6), based on the failure to state a claim upon which relief may be granted (the "Motion to Dismiss"); and, in the alternative,

(2) pursuant to 28 U.S.C. § 1404(a) to transfer this case to the District of South Carolina for the convenience of the parties and witnesses, and in the interests of justice because, as admitted

[1] At the time of removal, the case was assigned a case number and is pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, apparently based on the designation on the Civil Cover Sheet. However, the Summons and Complaint both state that the case is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

in the Complaint, this case was commenced in response to Rule 30(b)(6) deposition notices and accompanying document requests served on J&J by DOBS in the South Carolina Litigation (the "Motion to Transfer").

For the reasons set forth below, the Motion to Dismiss and/or Motion to Transfer should be granted.

## I. THE CLAIM FOR A PURE BILL OF DISCOVERY.

On October 5, 2026, the Plaintiff JOHNSON & JOHNSON ("J&J") filed its single-count Complaint for Pure Bill of Discovery (the "Complaint"), in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida [DE 1-1], alleging a claim for a pure bill of discovery. *See* Complaint [DE 1-1], at ¶¶ 16-27.

According to the allegations in the Complaint, the documents J&J seeks from DOBS "relate[] directly to talc personal injury litigation in which DOBS represents plaintiffs against J&J in multiple jurisdictions and has used coordinated lobbying activities to directly advance litigation goals." *Id.* ¶ 20.

J&J concedes that DOBS represents plaintiffs in talc cases against J&J currently pending in Florida including *Renwick v. Johnson & Johnson et al.*, Case No. 23-0113450-CA-01 (Miami-Dade County) (the "Renwick Case") and *Fisher v. Johnson & Johnson et al.*, Case No. CACE-24-005907-CA-24 (Broward County) (the "Fisher Case") (collectively, the "Florida Litigation"). *Id.* ¶ 4. Similarly, DOBS represents plaintiffs in cases pending in South Carolina including *Barnett v. Johnson & Johnson, et al.*, Case No. 2026-CP-40-01257 (the "Barnett Case"), and *Gerken v. Avon Products, Inc.., et al.*, Case No. 2023-CP-40-06111 (the "Gerken Case") (collectively, the "South Carolina Litigation"). Complaint [DE 1-1], at ¶ 7.

The Complaint alleges that "DOBS's regulatory advocacy is not incidental to its litigation practice; rather, it is a deliberate strategy to create a favorable regulatory environment that can be exploited in the courtroom." *Id.*¶ 15.

The Complaint further alleges that DOBS served Rule 30(b)(6) deposition notices and accompanying document requests on J&J in the South Carolina Litigation. *Id.* ¶ 8. It further alleges that DOBS obtained certain regulatory discovery from J&J and that "DOBS intends to use this discovery at trial, not only in South Carolina but also in litigation brought by its clients in other jurisdictions, including the Florida Litigation, to portray [J&J] as seeking to suppress or manipulate governmental oversight of talc-based products." *Id.* ¶ 8.

The Complaint further alleges that "[i]n the South Carolina Litigation, plaintiffs represented by DOBS have sought and obtained discovery from J&J concerning the company's lobbying activities, regulatory communications, and engagement with government agencies regarding recent cosmetics regulation. *Id.* ¶ 21.

J&J alleges that it will use the documents it obtains from DOBS pursuant to the Pure Bill of Discovery in an effort to avoid liability in the Florida Litigation and South Carolina Litigation (among others). *Id.* ¶¶ 22-25.

Plaintiff alleges that J&J's "interest in this action is to obtain discovery necessary to present a complete and fair defense in talc litigation brought against it by DOBS's clients in Florida and elsewhere by presenting the full scope of lobbying activities by all interested parties, including DOBS, to the jury." *Id.* ¶ 22.

Plaintiff further alleges that "[w]ithout this discovery, Plaintiff would be unable to demonstrate to the jury that lobbying on talc-related regulatory matters was a common and legitimate activity undertaken by multiple stakeholders, including claimants' own counsel." *Id.*

Plaintiff alleges that J&J's "right to the requested relief derives from its due process right to present a fair and complete defense in pending talc and asbestos litigation brought against it by DOBS's clients, including the South Carolina Litigation and the Florida Litigation." *Id.* ¶ 23.

Plaintiff alleges that J&J's "title and interest in the discovery claimed likewise derive from its right to present a complete defense in the South Carolina Litigation, the Florida Litigation, and other talc litigation brought by DOBS's clients." *Id.* ¶ 24.

Plaintiff alleges that J&J intends to use the information obtained in this matter to enable "the jury to fairly evaluate the significance and context of any such activities." *Id.*

Plaintiff alleges that the purpose of DOBS having requested discovery relating to the J&J regulatory activities and lobbying efforts "is to portray [J&J] before the jury as having acted improperly or sought to suppress regulatory oversight of talc-based cosmetics and consumer products." *Id.* ¶ 25.

Plaintiff alleges that the discovery sought from DOBS pursuant to the Pure Bill of Discovery is material to specific anticipated trial issues, including:

> (a) rebutting any argument that the lobbied regulatory agencies independently validate plaintiffs' causation theories, by establishing the provenance and sponsorship of the regulatory initiatives plaintiffs intend to rely upon; (b) testing the bias and compensation of experts who have participated both in regulatory advocacy and as retained litigation experts; and (c) providing necessary context if plaintiffs affirmatively characterize J&J's government contacts as evidence of wrongdoing. Absent this discovery, the jury would receive a distorted and incomplete account of the regulatory landscape, hearing only of Plaintiff's [J&J's] engagement while remaining unaware of any advocacy by opposing counsel directed at the very same governmental bodies.

*Id.*

As set forth in the Complaint, J&J intends to present the documents it obtains from DOBS to future juries in the Florida Litigation, the South Carolina Litigation, and elsewhere to attempt

to avoid or mitigate damages in current and future actions commenced by clients of DOBS against J&J. *See* Complaint, at ¶¶ 8, 20-25.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR A PURE BILL OF DISCOVERY.

### A. Standard On Motion To Dismiss.

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint based on the "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, the Court must accept "the allegations in the complaint as true and constru[e] them in a light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Federal law is well settled that to withstand a motion to dismiss, the complaint must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Patel v. Catamaran Health Sols., LLC*, 2016 WL 5942475, at *2 (S.D. Fla. Jan. 14, 2016) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a) (a pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). A complaint should be dismissed if it does not "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

As shown below, the Complaint fails to set forth a claim for relief and should be dismissed.

### B. Plaintiff Is Not Entitled to a Pure Bill of Discovery Because Traditional Discovery Methods Are Available to Plaintiff.

"In the absence of an adequate legal remedy, equity has long authorized a pure bill of discovery as an appropriate remedy to obtain information such as the identity of a proper party defendant or the appropriate legal theory of relief." *Trak Microwave Corp. v. Cully*, 728 So.2d 1177, 1178 (Fla. 2d DCA 1998). In *Trak Microwave,* although the complaint for a pure bill of discovery was filed prior to commencement of a lawsuit, at the time the trial court granted the request for a pure bill of discovery and entered judgment, a federal lawsuit had been commenced.

*Id.* In remanding the case with instructions to dismiss the complaint, the Second DCA stated that "we can dispose of this case by holding that a pure bill of discovery was no longer appropriate when the plaintiff had a pending federal lawsuit in which proper discovery was readily obtainable." *Id.* As explained by the court in that case, the usefulness of a pure bill of discovery "diminished greatly when Florida relaxed its pleading requirements to authorize liberal discovery." *Kirlin v. Green,* 955 So. 2d 28, 29 (Fla. 3d DCA 2007) (citing *Trak Microwave*).

In *Debt Settlement Administrators, LLC v. Antigua and Barbuda*, 950 So. 2d 464 (Fla. 3d DCA 2007), at the time Debt Settlement commenced the action for a pure bill of discovery was filed, there was already an action commenced by the governments of Antigua and Barbuda against Debt Settlement. *Id.* at 465. In remanding for entry of an order dismissing the action for a pure bill of discovery, the Third DCA stated:

> as in *Trak Microwave Corp.* . . . there is a related cause of action pending in the jurisdiction of Antigua where discovery is available to the respondents. In *Trak,* the second district reversed the granting of a pure bill of discovery because there existed a related cause of action for age discrimination which was pending in the federal court where discovery was readily available at the time the plaintiff filed a complaint in the circuit court for a pure bill of discovery. A pure bill of discovery is only authorized in equity in the absence of an adequate legal remedy. . . . Additionally, discovery can be conducted in the pending action in Antigua. Further supplemental inquiry into these same areas by means of a pure bill of discovery within the jurisdiction of Dade County serves only as a "fishing expedition," which is unauthorized where, as in this case, such discovery is otherwise readily available.

*Id.*

The principles set forth in the *Trak Microwave* and *Debt Settlement* opinions necessitate the dismissal of this action commenced by J&J. In the instant case, the Complaint filed by J&J admits that there are pending lawsuits in Florida and South Carolina in which the DOBS law firm is representing parties with claims against J&J. Complaint [DE 1-1], at ¶¶ 4, 7. The Complaint

acknowledges that the court in the South Carolina Litigation has already ruled on many of the categories of documents J&J seeks from DOBS in connection with the pure bill of discovery. *Id.* ¶¶ 8, 20-25. The Plaintiff's attempt to appeal such rulings was denied as interlocutory by the Supreme Court of South Carolina due to the continued pendency of the underlying action in that state. Exhibit 1 (Order, dated Nov. 3, 2026)[2]. Plaintiff even admits that it would be able to pursue non-party subpoenas to DOBS in each of the cases. Complaint [DE 1-1], at ¶ 27.

Accordingly, since discovery can be conducted in the pending lawsuits, the Complaint in this case for a pure bill of discovery should be dismissed under settled Florida precedent. *See, e.g., Debt Settlement Admin.,* 950 So. 2d at 465-66; *Trak Microwave Corp.*, 728 So. 2d at 1178.

**C. Plaintiff's Convenience In Obtaining The Requested Documents Is Not A Basis for a Pure Bill of Discovery.**

In admitting that Plaintiff would be permitted to serve non-party discovery on DOBS in connection with the pending lawsuits, Plaintiff alleges that it is entitled to a Pure Bill of Discovery because:

> A single proceeding is also necessary because the same information bears on every talc case DOBS is prosecuting against J&J. DOBS serves as counsel for claimants in nearly one hundred such cases across multiple jurisdictions. Pursuing non-party subpoenas to DOBS case by case would require serial, duplicative proceedings over the same records and risk inconsistent rulings on identical requests.

Complaint [DE 1-1], at ¶ 27. This argument regarding the convenience of a party, in seeking a pure bill of discovery, has been rejected. As shown in *RAV Bahamas Ltd. v. Marlin Three, LLC*, 333 So. 3d 1158 (Fla. 3d DCA 2022), the court, in addressing that very argument, stated:

---

[2] *See Cherry v. Ventures Trust 2013-I-NH By MCM Capital Partners LLC*, 2016 WL 6538447, at *2 (S.D. Fla. Feb. 26, 2026) ("A court may take judicial notice of orders entered by a state court or other matters of public record without converting a motion to dismiss into a motion for summary judgment.") (citations omitted).

> [T]here is no support in the law for the [plaintiff's] suggestion that a pure bill of discovery may be granted to facilitate what a potential plaintiff alleges is "easier" discovery of documents than that which may be available in any subsequent action brought outside the jurisdiction. Convenience has never been the bill's purpose, and a pure bill of discovery does not lie to preview discovery for a prospective action. . . . Notably, the [plaintiffs] make no case that these documents are not otherwise available in "possible" future litigation filed in a Bahamian court.

*Id.* at 1162 (citations omitted). Moreover, here the Plaintiff admits that the requested documents would be "available" in the other litigations. *See* Complaint [DE 1-1], at ¶ 27. Accordingly, the Complaint in this case for a pure bill of discovery should be dismissed. *See, e.g., RAV Bahamas*, 333 So. 3d at 1162.

**D. This Pure Bill of Discovery Should Be Dismissed As An Improper Fishing Expedition.**

A pure bill of discovery "may be used to identify potential defendants and theories of liability and to obtain information necessary for meeting a condition precedent to filing suit. However, it may not be used 'as a fishing expedition to see if causes of action exist.'" *Kaplan v. Allen*, 837 So. 2d 1174, 1176 (Fla. 4th DCA 2003) (citations omitted); *see also Kirlin*, 955 So. 2d at 29-30 (pure bill may not be used as fishing expedition); *JM Family Enters. Inc. v. Freeman*, 758 So. 2d 1175, 1176 (Fla. 4th DCA 2000) (quashing order denying motion to dismiss).

In *Kirlin,* as evident from the complaint in that case, the plaintiff attempted to use a pure bill of discovery "in order to determine whether sufficient evidence exists to render her causes of action viable and nonfrivolous." *Id.* at 30. The court in that case determined that a pure bill of discovery "is not to be used to determine whether evidence exists to support an allegation." *Id.*

In the *Kaplan* case, there was no basis for obtaining a pure bill of discovery because Kaplan failed to allege "some circumstantial evidence of negligence adequate to justify the good faith filing of a negligence action." *Kaplan,* 837 So. 2d at 1176.

Here, the Plaintiff does not even claim that it is using the pure bill of discovery process to identify potential defendants or theories of liability. Rather, the Complaint states that it intends to use the documents regarding the alleged DOBS lobbying activities to defend against evidence involving J&J lobbying activities, which DOBS intends to use in lawsuits commenced by clients of DOBS against J&J. Complaint [DE 1-1], at ¶¶ 20-25. The Complaint does not even purport to seek the identity of potential defendants or theories of liability as its basis for the pure bill of discovery. *Id.* ¶¶ 16-27.

Accordingly, the Complaint in this case for a pure bill of discovery should be dismissed as an improper "fishing expedition". *See Kaplan*, 837 So. 2d at 1176; *Kirlin*, 955 So. 2d at 29-30.

**III. IN THE ALTERNATIVE, THE CASE SHOULD BE TRANSFERRED TO SOUTH CAROLINA.**

Pursuant to 28 U.S.C. § 1404(a) a Court may transfer a case for the convenience of the parties and witnesses, and in the interests of justice. *See, e.g., Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F.Supp.2d 1373, 1375 (S.D. Fla. 2003) (transferring case to Middle District of Florida); *Central Money Mtge. Co. [IMC], Inc. v. Holman*, 122 F.Supp.2d 1345, 1346 (M.D. Fla. 2000) (transferring case to Maryland). A plaintiff's chosen venue receives less deference when the venue is not the party's home forum or when the lawsuit does not have a connection to the chosen forum. *See Thermal Techs.*, 282 F.Supp.2d at 1375-76 (plaintiff's principal place of business was South Carolina, not Florida, and some of the allegedly infringing acts took place in the Middle District, not the Southern District).

In determining whether to transfer a case, the court should consider two factors "1) whether the action might have been brought in the [transferee forum]; and 2) whether various factors are

satisfied as to determine if a transfer to a more convenient forum is justified." *Id.* at 1376. Here, both factors are satisfied.

**A. This Action Might Have Been Brought In South Carolina.**

The Complaint alleges that DOBS served Rule 30(b)(6) deposition notices and accompanying document requests on J&J in the South Carolina Litigation. *Id.* ¶ 8. It further alleges that DOBS obtained certain regulatory discovery from J&J and that "DOBS intends to use this discovery at trial, not only in South Carolina but also in litigation brought by its clients in other jurisdictions, including the Florida Litigation, to portray [J&J] as seeking to suppress or manipulate governmental oversight of talc-based products." *Id.* ¶ 8. In support of the discovery it seeks from DOBS, J&J alleges that it will use the documents it obtains from DOBS pursuant to the Pure Bill of Discovery in an effort to avoid liability in the Florida Litigation and South Carolina Litigation (among others). *Id.* ¶¶ 22-25.

J&J admits in the Complaint that the requested documents would be "available" in the other litigations. *See id.* ¶ 27. J&J could have requested the discovery in South Carolina.

**B. The Other Factors For Transfer Have Been Satisfied.**

In determining whether it is appropriate to transfer a case, courts consider the following private and public interest factors when determining whether a transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Natural Extraction Sys, LLC v. Green Thumb Indus. Inc.*, 838 F.Supp.3d 1254, 1260 (S.D. Fla. 2026) (citations omitted).

The Complaint acknowledges that J&J commenced this lawsuit to obtain evidence to rebut the evidence DOBS obtained from J&J in the South Carolina Litigation, which involves both J&J and the DOBS law firm. *See* Complaint [DE 1-1], at ¶¶ 8, 20-25. Accordingly, the factors of convenience of parties and witnesses, ease of access to sources of proof, availability of process, trial efficiency, interest of justice, and relative means of the parties are satisfied because the parties are already litigating in South Carolina. Little weight should be accorded to the plaintiff's choice of forum in Florida because that venue is not the plaintiff's home forum nor do the documents requested have anything to do with that forum. *See Thermal Techs.*, 282 F.Supp.2d at 1375-76. Certainly, the public interest is served by requiring J&J to have this matter litigated in South Carolina, the same state in which it claims that DOBS obtained these types of discovery from J&J. In fact, in *Poncy v. Johnson and Johnson*, 414 F.Supp. 551, 557 (S.D. Fla. 1976), this court transferred a matter to New Jersey, in part, based on the fact that "it clearly appears to this Court that the center of gravity of these actions is in New Jersey and that transfer of these actions to the United States District Court in Newark, New Jersey will serve the interest of justice." *Id.* Here, the "center of gravity" or "locus of facts" of the dispute regarding these documents is South Carolina, which certainly can address the legal issues involved with the production of documents. Complaint [DE 1-1], at ¶¶ 8, 21.

Accordingly, to the extent this Court does not dismiss the Complaint, the case should be transferred to the District of South Carolina.

## IV. CONCLUSION.

For the reasons set forth above, the Defendant Dean Omar Branham Shirley, LLP respectfully requests that this Court (1) dismiss the Complaint [DE 1-1]; or, in the alternative, (2)

transfer the case to the District of South Carolina, together with granting such other and further relief as to this Court appears just and proper.

Respectfully submitted,

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696
Connis O. Brown, III
Florida Bar No. 641960
Samantha Espada
Florida Bar No. 1031984
**BROWN ROBERT, LLP**
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone: 954.832.9400
Facsimile: 954.832.9430
E-mail: srobert@brownrobert.com
E-mail: cbrown@brownrobert.com
E-mail: sespada@brownrobert.com

*Attorneys for Dean Omar Branham Shirley, LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2026 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served a copy of the foregoing upon the following:

Joshua T. Fordin, Esq.
KIRKLAND & ELLIS LLP
830 Brickell Plaza
Miami FL 33131
E-mail: Josh.fordin@kirkland.com

*Counsel for Plaintiff*

/s/ *Seth P. Robert*
Seth P. Robert
Florida Bar No. 145696